10-1915-ag
Zhu v. Holder

BIA
Videla, IJ
A077 997 825

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand eleven.

PRESENT:
> JOSEPH M. MCLAUGHLIN,
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

LI PING ZHU
> *Petitioner,*

> v.                                              10-1915-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Li Ping Zhu, *pro se*, Bayside, NY.

FOR RESPONDENT:      Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Laura Maroldy, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Li Ping Zhu, a native and citizen of the People's Republic of China, seeks review of an April 19, 2010, order of the BIA, affirming the May 12, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Ping Zhu*, No. A077 997 825 (B.I.A. Apr. 19, 2010), *aff'g* Nos. A077 997 825 (Immig. Ct. N.Y. City May 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 293, (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In pre-REAL ID Act cases, such as this one,

inconsistencies that form the basis of an adverse credibility determination must "bear a legitimate nexus" to the applicant's claim of persecution and be "substantial" when measured against the record as a whole. *Secaida-Rosales v. INS*, 331 F.3d 297, 307-08 (2d Cir. 2003). On the other hand, an IJ is entitled to rely on the cumulative effect of even minor inconsistencies. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006); *Liang Chen v. U.S. Attorney Gen.,* 454 F.3d 103, 106-107 (2d Cir. 2006). Here, because the IJ identified numerous inconsistencies in Zhu's testimony and evidence, substantial evidence supports the adverse credibility determination. *See Tu Lin*, 446 F.3d at 402.

First, the IJ noted that although Zhu testified that after she fled China government officials detained her husband for an hour, this assertion was omitted from her asylum application. Contrary to Zhu's argument that the IJ erred by conflating omissions with inconsistencies, we have recognized that both types of discrepancies may support an adverse credibility determination and are in this context "functionally equivalent." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008). The IJ considered Zhu's

3

explanation that she did not think she had to mention this fact in her asylum application, and reasonably found it insufficient. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)*; see also Tu Lin*, 446 F.3d at 402.

The adverse credibility determination is further supported by Zhu's inconsistent testimony regarding her husband's detention. Zhu initially testified that her husband had telephoned her to tell her about his detention, but later stated that he had not mentioned his detention in his letters because he did not want to cause her worry. Zhu then said that her son, not her husband, had told her of the detention. Furthermore, Zhu initially testified that she never went to the American Embassy to get a visa. But when confronted with evidence reflecting that she had applied for a visa three times, she conceded that she had in fact applied. Although Zhu explained that she had understood the original question to mean while she was in the United States, the record does not reflect any ambiguity in the original question. Thus, the IJ was entitled to disregard her explanation. *See Majidi*, 430 F.3d at 80-81.

Zhu also argues that the IJ erred in failing to consider withholding of removal separately, because that

4

claim was also based on her fear of harm due to her illegal departure. Because Zhu failed to raise any claim based on her illegal departure before the BIA, however, we decline to address this unexhausted argument. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). Contrary to Zhu's contention, the IJ addressed her request for CAT relief, and reasonably concluded that Zhu failed to demonstrate that she was more likely than not to face torture in China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk